UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN THE MATTER OF: )  Case No: B-10-81038 C-13D
**CLARENCE I. ALLEN, JR.,** )
**SHONDAH T. ALLEN,** )
)
       Debtor(s) )
_____)

OBJECTION BY STANDING TRUSTEE TO CONFIRMATION OF PLAN

NOW COMES Richard M. Hutson, II, Standing Trustee ("Trustee") and respectfully objects to confirmation of the Debtors' plan pursuant to 11 U.S.C. §1325(b) and shows unto the Court the following:

1. The Debtors filed a petition under Title 11 of the United States Code, Chapter 13, on June 14, 2010, in the United States Bankruptcy Court for the Middle District of North Carolina.

2. On June 14, 2010, Richard M. Hutson, II, was appointed as Trustee.

3. This Court has proper and personal jurisdiction of the subject matter hereof and over the parties pursuant to 28 U.S.C. §§151, 157 and 1334, and the Standing Order entered by the United States District Court for the Middle District of North Carolina and this is a core proceeding within 28 U.S.C. §157(b).

4. The Debtors have filed a Chapter 13 plan proposing a monthly plan payment of $8,753.00 for a period of 60 months. The Debtors propose to pay no dividend to general unsecured claims, except that any joint unsecured creditors shall be paid in full to satisfy 11 U.S.C. §1325(a)(4) due to the liquidated value of the Debtors' estate. There is listed unsecured debt of $24,329.18 in Schedule "F".

5. The Debtors have filed with the plan a Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income, known as Official Form B22C ("Form B22C"). The Debtors list current monthly income ("CMI") in Form B22C of approximately $11,445.84.

6. The Trustee objects to confirmation of the Debtors' plan in that the Debtors may not be devoting all of their projected disposable income to fund the plan pursuant to 11 U.S.C. §1325(b). The Debtors list business expenses on line #3(b) of Form B22C of $26,212.48 per month. That figure, however, includes the mortgage payment to Mechanics and Farmers Bank for the Debtors' business property that is already included on line #47(b) of Form B22C. The Debtors are not permitted to deduct the mortgage expense with Mechanics and Farmers Bank twice. If the

1

deduction is disallowed on line#3(b), the Debtors would have approximately $2,608.00 of disposable monthly income on Form B22C and would be required to pay all unsecured creditors in full.

7. In Schedule "I", the male Debtor lists projected gross income of $5,077.00 per month. The male Debtor owns his own business and has done so for approximately 20 years. According to Schedule "I", the Debtors' projected household income has increased by approximately $1,380.00 per month since the six-month period preceding the petition date.

8. The Trustee objects to confirmation of the Debtors' plan in that the Debtors are not devoting all of their projected disposable income to fund the plan pursuant to 11 U.S.C. §1325(b). The United States Supreme Court, in <u>Hamilton v. Lanning</u>, Slip Opinion No. 08-998 (June 7, 2010), held that when a bankruptcy court calculates a debtor's projected disposable income, the court may account for changes in the debtor's income or expenses that are known or virtually certain at the time of confirmation. <u>Lanning</u> at 18. The Debtors in this case have projected monthly income of $12,825.67, which is significantly higher than the current monthly income figure listed in Form B22C. The Debtors' projected monthly disposable income should be calculated using the monthly income figure listed in Schedule I rather than the current monthly income figure listed in Form B22C.

WHEREFORE, the Trustee prays the Court for an Order as follows:

1. That the Debtors' plan not be confirmed in that the plan does not comply with the provisions of the Bankruptcy Code, specifically 11 U.S.C. §1325(b), and the case be dismissed for cause pursuant to 11 U.S.C. §1307;

2. In the alternative, that the Debtors' plan be modified to provide for payment in full of unsecured creditors; or

3. For such other and further relief as the Court may deem just or proper.

This the 23rd day of August, 2010.

<u>s/Benjamin E. Lovell</u>
Benjamin E. Lovell
Attorney for the Trustee
State Bar No: 23266
P.O. Box 3613
Durham, N.C. 27702

CERTIFICATE OF SERVICE

      THIS IS TO CERTIFY that I have this day served a copy of the foregoing document upon John T. Orcutt, Esq., 6616-203 Six Forks Road, Raleigh, NC 27615, Clarence Isaac Allen, Jr. and Shondah Tabor Allen, 912 Forge Road, Durham, NC 27703, Michael D. West, Esq., US Bankruptcy Administrator, Post Office Box 1828, Greensboro, NC 27402 by depositing the same, enclosed in a postpaid wrapper, properly addressed to the following parties in interest, at their last known addresses as shown below, in a post office or official depository under the exclusive care and custody of the United States Postal Service:

This the 23rd day of August, 2010.

                                              s/Benjamin E. Lovell
                                              Benjamin E. Lovell
                                              Attorney for the Trustee